# Commonwealth *v.* Pottsville Water Company, Appellant.

*Taxation—Corporations—Water company—"Capital paid in"—Act of February 18, 1854, P. L. 79.*

Under Section 11 of the Act of February 18, 1854, P. L. 79, imposing a tax on the net income of the Pottsville Water Company remaining after certain charges and a six per cent. dividend on the "capital paid in" has been paid, the company is taxable upon the excess net income remaining after the payment of the six per cent. dividend on the original capital paid in; it is not entitled to deduct a six per cent. dividend upon a subsequent increase of its capital stock before becoming liable for the tax.

Argued May 22, 1916. Appeal, No. 9, May T., 1916, by defendant, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1912, No. 297, for plaintiff, on appeal from the settlement of a tax by the Auditor General and the State Treasurer, in case of Commonwealth of Pennsylvania v. Pottsville Water Company. Before

452 COM., *v.* POTTSVILLE WATER CO., Appellant.

BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCH-ZISKER, FRAZER and WALLING, JJ.    Affirmed.

Appeal from tax settlement.

KUNKEL, P. J., filed the following opinion:

On August 23, 1912, the accounting officers of the Commonwealth settled an account against the defendant company for tax on its net annual income for the year 1911, in which it was charged with a tax of $11,-379.75 on an excess of net income of $45,519.  On October 4, 1912, the defendant company paid on account of the tax $4,022.28, leaving a balance unpaid of $7,-357.47.

By the Act of February 18, 1854, P. L. 79, the capital stock of the defendant was exempted from all taxation, but it was provided in Section 11 of that act: "When the net annual income from the works of said company, after having repaid the Boroughs of Pottsville, Port Carbon and St. Clair, whatever sums they may have respectively advanced to the said company to pay dividends with, as aforesaid, shall exceed six per cent. on the capital paid in, the said excess shall be taxable for state purposes only, at the same rates as are now imposed on the dividends of banks for said purposes, and the remainder of such excess may either be divided among the stockholders, or be allowed to accumulate as a reserved or contingent fund for extraordinary repairs, or future enlargement of its works, as the said president and managers may deem best."    The defendant's net income for the year in question was $57,519.    By the Act of 1854 it was authorized to receive subscriptions for eight thousand shares of stock at twenty-five dollars per share, and its paid in capital stock under that act was $200,000. It repaid the boroughs for all the moneys advanced by them to pay dividends.    After deducting a dividend of six per cent. on the $200,000 capital stock from the net income the balance was treated by the accounting officers as the basis for the computation of the tax.    The de-

fendant company appealed from the settlement, contend-
ing that the dividend of six per cent. to be deducted from
the net income of $57,519 should be calculated on a
capital stock of $400,000, its capital stock having been
increased on October 19, 1910, to that amount. The ap-
peal has been submitted to us to be tried without a jury
under an agreement as to the facts filed in the case.

The question presented is, whether or not the dividend
of six per cent., which under the eleventh section of the
Act of 1854 is to be deducted from the net annual income
before any part of the income becomes taxable, is to be
computed on the capital stock of $200,000 or the in-
creased capital stock of $400,000. The controversy
turns upon the meaning to be given to the words "capi-
tal paid in," as used in the section. The defendant con-
tends that it should be interpreted to mean the capital
paid in, not only under the Act of 1854 but under any
subsequent legislative authority. The meaning of the
words is to be ascertained by reference to the other sec-
tions of the act in which they are used. By the act the
Boroughs of Pottsville, Port Carbon and St. Clair, to
whose inhabitants the defendant company contemplated
the supply of water, were empowered to guarantee the
payment of semi-annual dividends of three per cent.
upon the amount of capital paid in, and to impose a tax
upon the taxable property in the respective boroughs to
meet any deficiency there might be in the net income of
the company to pay the semi-annual dividends. In Sec-
tion 9, where provision is made to meet such a deficiency,
it is declared: "If it shall appear......that there will
not be sufficient net income from the works of the said
company to pay semi-annual dividends of three per cent.
on the amount of capital paid in on the subscriptions of
stock hereby authorized." Here the capital paid in is
expressly stated to be the capital paid in on the sub-
scriptions of stock hereby authorized, that is, authorized
by the act. And by the proviso in the same section,
where provision is made for payment to the boroughs of

the excess of income over the dividend of six per cent. on the capital stock paid in, it is provided: "That should the net annual income of the said company at any time exceed the amount of six per cent. on the capital stock paid in, such excess shall be paid over to the said town council, until the whole amount advanced by the said council as aforesaid to the said company shall have been repaid." It is clear that the "capital stock paid in," as used in this proviso, means the capital stock paid in under the subscriptions authorized by the act. If it were otherwise, the defendant company would have had it in its power to increase the capital stock so that at no time would there be any excess of income over six per cent. on its capital stock. And in the second proviso, the precaution is taken to prohibit the company to expend any money for the enlargement of its works or for any other purpose, except for keeping them in repair or for superintendence, without the consent of the borough, thus putting a limitation on any increase of the capital stock whereby the net annual income might be prevented from ever equalling the six per cent. on the capital paid in. We are satisfied that the words "capital paid in" used in Section 11 mean just what they mean in the other sections of the act, capital paid in on the subscriptions authorized by the act. This interpretation is in accord with the reasonable presumption that the Act of 1854, in the absence of anything therein to show otherwise, was enacted with reference to the then existing conditions. The parts of the act to which we have referred plainly indicate the legislative intention that the term "capital paid in" was not to cover future capital, but was to be restricted to the capital stock paid in under the subscriptions which that act authorized.

The court entered judgment for plaintiff for $7,357.47. Defendant appealed.

*Errors assigned* were in dismissing exceptions to various findings of the trial judge, and the judgment of the court.

*George R. Barnett,* with him *Homer Shoemaker,* for appellant.

*William M. Hargest,* Deputy Attorney General, with him *Francis Shunk Brown,* Attorney General, for appellee.

PER CURIAM, July 1, 1916:

The words "capital paid in," used in Section 11 of the Act of February 18, 1854, P. L. 79, a supplement to the Act of April 11, 1834, incorporating the Pottsville Water Company, undoubtedly mean capital paid in on subscriptions to the eight thousand shares of stock which the company was authorized to issue, and for this reason judgment was properly entered for the commonwealth by the learned court below, to whose opinion, directing it to be entered, nothing can be added.

Judgment affirmed.